UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL D. UZAMERE,

                Plaintiff,

-against-

THE STATE OF NEW YORK, et al.,

                Defendants.

19-CV-9064 (CM)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action arising from her 1979 marriage to and subsequent abandonment by her husband, Ehigie Edobor Uzamere. She alleges that Defendants participated in a massive conspiracy to deprive her of her rights. By order dated October 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below. Within thirty days of the date of this order, Plaintiff must submit a declaration setting forth good cause why the Court should not impose a bar order.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted)

**BACKGROUND**

Plaintiff submits to the Court a 205-page complaint with 540 pages of exhibits. She names as Defendants the State of New York, the New York State Attorney General, state-court judges and officials from New York, officials of the New York State Department of Health, and employees of the Social Security Administration Office in Brooklyn, New York. Plaintiff does not clearly state what her claims are or the underlying facts in support of her claims, but her assertions and exhibits make it clear that this action is a continuation of her indefatigable efforts to litigate matters arising from her marriage and abandonment by her husband.

Plaintiff has brought multiple federal and state court actions concerning her marriage and abandonment. In 2009, she filed a civil rights action in the Southern District of New York in which she named many of the same defendants as in this action. *See Uzamere v. Allen E. Kaye, P.C.*, ECF 1:09-CV-3506, 2 (S.D.N.Y. April 2, 2009), *appeal dismissed*, No. 09-1600-cv (2d Cir. June 24, 2009), *cert. denied*, 558 U.S. 965 (Oct. 13, 2009). That case was dismissed on immunity grounds and for lack of subject matter jurisdiction. *See Uzamere*, ECF 1:09-CV-3506, 3. The Court also warned Plaintiff that should she continue to file complaints related to her husband, she may be barred from filing future complaints without first seeking leave of Court. *Id*. at 6.

Plaintiff has also filed at least three related actions in the United States District Court for the Eastern District of New York. *See Uzamere v. Cuomo*, No. 11-CV-2831 (E.D.N.Y. June 22, 2011) (dismissed as frivolous and malicious; noted Plaintiff's "long, tired history of vexatious litigation" in that court), *appeal dismissed*, No. 11-2713-cv (2d Cir. Nov. 28, 2011), *cert denied*, 565 U.S. 1264 (Mar. 19, 2012); *Uzamere v. Rice*, No. 08-CV-0891 (NGG) (E.D.N.Y. July 6, 2007) (dismissed for failure to state a claim); *Uzamere v. Doe*, No. 07-CV-2471 (E.D.N.Y. July 6, 2007) (dismissed for lack of subject matter jurisdiction). The Eastern District has also warned Plaintiff about continuing to file frivolous complaints, noting her "long, tired history of vexatious litigation" in that court. *See Uzamere*, No. 11-CV-2831 (ECF No. 3 at 2).

Undeterred by her unsuccessful litigation in the New York courts, Plaintiff also filed actions in the United States Court of Federal Claims and the United States District Court for the District of Rhode Island. In 2010, Plaintiff filed three actions in the Court of Claims complaining about her mistreatment by various courts and about her husband's misconduct. She withdrew the first complaint, but the court consolidated the remaining two actions and dismissed all of her claims for lack of subject matter jurisdiction. *See Uzamere v. United States*, Nos. 10-585C, 10-591C, 2010 WL 3528897 (Fed. Cl. Sept. 3, 2010). In 2013, Plaintiff filed another voluminous complaint in the District of Rhode Island, alleging judicial misconduct, fraud, and an overall conspiracy to violate her rights. That court, noting Plaintiff's litigation history, dismissed the action on a slew of grounds, including immunity, *res judicata* and collateral estoppel, the *Rooker-Feldman* doctrine, and statute of limitations. *See Uzamere v. United States*, No. 13-505S, 2013 WL 5781216 (D.R.I. Oct. 25, 2013), *aff'd*, No.13-2454 (1st Cir. Apr. 11, 2014), *cert. denied*, 135 S. Ct. 451 (Nov. 3, 2014). The District of Rhode Island also warned Plaintiff against the filing of additional frivolous lawsuits. *See Uzamere*, 2013 WL 5781216, at *18.

## DISCUSSION

Even when read with the " special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474–75, Plaintiff's voluminous complaint must be dismissed as frivolous. She is again attempting to bring claims about her marriage, husband's abandonment of her, and her multiple efforts to seek relief from federal and state courts. Plaintiff's complaint is frivolous, rising to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because this action is a continuation of Plaintiff's pattern of vexatious litigation, the Court declines to grant Plaintiff leave to amend.

## ORDER TO SHOW CAUSE

As noted above, Plaintiff has a history of filing frivolous and malicious actions. The Southern District and other federal courts have warned her about the consequences of continuing to file such cases. In light of this litigation history, Plaintiff is ordered to show cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be

barred from filing any further actions IFP in this Court unless she first obtains permission from this Court to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters are terminated.

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring her from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 15, 2019
   New York, New York

                 COLLEEN McMAHON
                Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|