UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL D. UZAMERE,

                Plaintiff,

-against-

THE STATE OF NEW YORK, et al.,

                Defendants.

19-CV-9064 (CM)

BAR ORDER UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this *pro se* action arising from her 1979 marriage to and subsequent abandonment by her husband, Ehigie Edobor Uzamere. On October 15, 2019, the Court dismissed the complaint as frivolous, noted that Plaintiff had filed multiple frivolous or vexatious federal and state-court actions concerning her marriage and abandonment, and directed Plaintiff to submit a declaration setting forth good cause why the Court should not issue an order barring her from filing further civil actions *in forma pauperis* (IFP) in this Court without prior permission.

Plaintiff filed a 203-page declaration on October 17, 2019, but she fails to provide any reason why the Court should not impose a bar order.

## DISCUSSION

Plaintiff does not provide any reasons why the Court should not impose a bar order, but rather argues the merits of her complaint. To the extent that Plaintiff's declaration could be read as seeking reconsideration of the Court's order of dismissal, the Court liberally construes the submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The

solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). ). Because Plaintiff does not demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action, her request for reconsideration under Fed. R. Civ. P. 59(e), Local Civil Rule 6.3, and Fed. R. Civ. P. 60(b) is denied.

Further, Plaintiff fails to provide any reason not to impose a bar order. Rather, she uses the Court's order to show cause as another opportunity to continue her pattern of abusive and vexatious litigation, providing a barrage of papers and documents concerning perceived injustices in other forums. The Court therefore bars Plaintiff from filing any future civil action in this Court IFP without first obtaining from the Court leave to file.

## CONCLUSION

The Clerk of Court is directed to mail a copy of his order to Plaintiff and note service on the docket. The Court bars Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. To obtain leave to file, Plaintiff must submit to the Court a motion captioned "Application Pursuant to Court Order Seeking Leave to File." Plaintiff must also attach a copy of her proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without a motion for leave to file, the Court will dismiss the action for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk of Court is further directed to terminate all other pending matters and to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 22, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge